# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Josef Timothy Dixon, | No. CV-18-01129-PHX-DWL (JFM) |
| Plaintiff, | **ORDER** |
| v. | |
| Paul Penzone, et al., | |
| Defendants. | |

This is a § 1983 action brought by a *pro se* prisoner. The first amended complaint alleges, in a nutshell, that while Plaintiff was in pretrial custody on state criminal charges, various jail and other law enforcement officials engaged in misconduct that had the effect of interfering with Plaintiff's ability to represent himself in his criminal prosecution. (Doc. 7.) On August 21, 2018, the Court issued a screening order concluding that, although Plaintiff's first amended complaint did contain some facially valid claims, those claims were "intertwined with his right to self-representation in his criminal case." (Doc. 8 at 11.) Accordingly, the Court decided to stay this case under *Younger v. Harris*, 401 U.S. 37 (1971), pending the outcome of Plaintiff's criminal case. (*Id.* at 12.)

On December 21, 2018, Defendants filed a notice informing the Court that Plaintiff had been convicted at trial in October 2018 and had subsequently been sentenced to a term of imprisonment and filed a notice of appeal with the Arizona Court of Appeals. (Doc. 30.)

On January 4, 2019, the Court issued an order to show cause ("OSC") requiring

Defendants to address (1) whether the *Younger* stay should remain in effect given the conclusion of Plaintiff's state-court trial, and (2) if not, whether this case should be dismissed under *Heck v. Humphrey*, 512 U.S. 477 (1994), because a favorable outcome here might call into question the validity of Plaintiff's underlying conviction. (Doc. 36.) The order further provided that Plaintiff would have 14 days, following the submission of Defendants' brief, to file a response. (*Id.*)

On January 17, 2019, Defendants filed a response to the OSC. (Doc. 40.) In it, they argued that the *Younger* stay should remain in place pending Plaintiff's state-court appeal of his conviction because, under Ninth Circuit law, "exhaustion of state appellate remedies does not occur until the losing party appeals the adverse rulings." (*Id.* at 2.) Alternatively, Defendants argued that "if the Court determines that it would be in the best interest of all parties to lift the stay and resolve this matter at this time, or if it is determined that the *Younger* requirements are no longer met despite the pending criminal appeal, this Court should review this case and properly dismiss it [under *Heck*]." (*Id.* at 3.)

On February 7, 2019, Plaintiff filed a document entitled "Plaintiff's Motion for Latitude Pursuant to Rule 6 of the AZ R. Civil Procedures." (Doc. 41.) This document did not address Defendants' arguments concerning the applicability of *Younger* and *Heck*.

On February 28, 2019, Magistrate Judge Metcalf issued a report and recommendation ("R&R") concluding the *Younger* stay remain in effect "pending the resolution of Plaintiff's criminal case originating in Maricopa County Superior Court, case number CR 2017-005978, and any direct appeal therefrom, including Arizona Court of Appeals Division I, case number 1 CA-CR-18-0831, and any petition for review therefrom to the Arizona Supreme Court or the expiration of the time for such petition. Provided that such stay does not preclude matters in furtherance of completion of service on the defendants, or the resolution of Plaintiff's pending 'Motion for Latitude Pursuant to Rule 6' . . . ." (Doc. 42.) The R&R further provided "[t]he parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court." (*Id.* at 6.)

Here, no such objections have been filed.[1] Thus, the Court accepts the Magistrate Judge's recommendation. *See, e.g., Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) ("[N]o review is required of a magistrate judge's report and recommendation unless objections are filed."). *See also United States v. Reyna-Tapia*, 328 F.3d 1114, 1221 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.").

Accordingly,

**IT IS ORDERED** that the R&R's recommended disposition (Doc. 42 at 6) is accepted.

**IT IS FURTHER ORDERED** that the *Younger* stay will remain in effect pending the resolution of Plaintiff's criminal case originating in Maricopa County Superior Court, case number CR 2017-005978, and any direct appeal therefrom, including Arizona Court of Appeals Division I, case number 1 CA-CR-18-0831, and any petition for review therefrom to the Arizona Supreme Court or the expiration of the time for such petition.

**IT IS FURTHER ORDERED** that this stay does not preclude (1) matters in furtherance of completion of service on the defendants or (2) the resolution of Plaintiff's pending "Motion for Latitude Pursuant to Rule 6" (Doc. 41).

**IT IS FURTHER ORDERED** that (1) the Clerk of Court must continue to indicate on the docket that this case is stayed, (2) Defendants must not answer the First Amended Complaint until further order of the Court, and (3) within 90 days of this Order, and on the first business day of every third month thereafter, Defendants must file with the Court a "Notice of Status" that informs the Court of the status of Plaintiff's criminal case and the direct appeal therefrom, including any petitions for review or petitions for writs of

---

[1] Although Defendants subsequently filed a response to Plaintiff's "Motion for Latitude," that response does not challenge the R&R's recommendation that the *Younger* stay remain in effect—it simply argues that the "Motion for Latitude" should be denied on the merits. (Doc. 43.)

- 3 -

certiorari.

Dated this 30th day of April, 2019.

Dominic W. Lanza
United States District Judge